FILED

FEB 1 3 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| VICTORIA L. SCHU, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 06 0252 |
| STATE OF NEBRASKA, et al., ) | 8:06CV315 |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter comes before the Court on review of plaintiff's application to proceed *in forma pauperis* and her *pro se* complaint. Plaintiff's claim arises out of a child custody dispute in the state of Nebraska. Plaintiff claims that various state officials, law enforcement agencies, and private individuals in Nebraska violated her constitutional rights.

A civil action such as this one can only be brought in (1) a judicial district where all the defendants arise, (2) a judicial district in which a substantial part of the events giving rise to the claim occurred, or (3) even neither of these apply, a judicial district in which any defendant can be found. 28 U.S.C. § 1391(b). Here, there is no allegation of events occurring in the District of Columbia. The named defendants all reside in the state of Nebraska and the plaintiff's claim arising from actions taken in that jurisdictions.

When a plaintiff files an action in the wrong district, courts are to "dismiss, or if it be in the interest of justice, transfer such case" to the proper venue. 28 U.S.C. § 1406(a). A district court may transfer a civil action to any other district where the claim might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." 28 U.S.C. § 1404(a); *see also*

*Zakiya v. United States*, 267 F.Supp. 2d 47, 59 (D.D.C. 2003). In considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F.Supp. 461, 463 (D.D.C. 1978).

As noted above, all the events described in the complaint occurred in the District of Nebraska. The cause of action arose in that jurisdiction. The relevant witnesses and documents are located there. Therefore, in the interests of justice, the case should be transferred.

**ORDERED** that plaintiff's application to proceed *in forma pauperis* is **GRANTED** and the case transferred to the United States District Court for the District of Nebraska.

_____
United States District Judge

Dated: 2/7/06

United States District Court
For the District of Columbia
A TRUE COPY
NANCY MAYER WHITTINGTON, Clerk
By _____

-2-