IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VICTORIA L. SCHU, | ) |
| Plaintiff, | ) 8:06cv315 |
| vs. | ) ORDER on INITIAL REVIEW |
| STATE OF NEBRASKA, et al., | ) |
| Defendants. | ) |

This matter is before the court for initial review of the complaint filed on February 13, 2006, by the plaintiff, Victoria L. Schu, who is proceeding in forma pauperis ("IFP"). The case has been transferred from the United States District Court for the District of Columbia (Filing Nos. 3-5), where the plaintiff received leave to proceed IFP. Because the plaintiff is proceeding IFP, the complaint is subject to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983 against approximately 131 defendants, alleging decades of child abuse suffered by the plaintiff's children and other children throughout the United States at the hands of law enforcement officials, courts, private persons, schools, shelters, churches, and others. In addition, the plaintiff alleges that she has suffered neglect or abuse for trying to protect her children.

The complaint indicates that during their minority, the plaintiff's children were removed from her custody, and that now some or all of the plaintiff's children have reached adulthood, but protection orders have issued preventing her from seeing them.

The plaintiff's distress is evident. However, because of limitations on the relief available in a federal district court, as explained below, the plaintiff is going to have to amend her complaint before any defendant can be served with process.

### Pro Se Plaintiff May Not Represent Other Persons

It is not clear whether the plaintiff is suing to vindicate her own constitutional rights or those of her children. Because she is proceeding pro se, the plaintiff may not assert the rights or claims of her children, and she may not bring this case in a representative capacity for any minor children. Representative parties may not appear pro se on behalf of other litigants. In particular, a non-attorney parent may not appear pro se on behalf of a minor child. Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59 (2d Cir. 1990). Accord Devine v. Indian River County School Bd., 121 F.3d 576 (11th Cir. 1997), cert. denied, 522 U.S. 1110 (1998); Johns v. County of San Diego, 114 F.3d 874 (9th Cir. 1997); Osei-Afriyie v. Medical College of Pa., 937 F.2d 876 (3d Cir. 1991). "Courts have a duty to enforce this rule sua sponte, as it is designed to protect the legal interests of children." Wenger v. Canastota Cent. School Dist., 146 F.3d 123, 125 (2d Cir. 1998), cert. denied, 526 U.S. 1025 (1999). Thus, although the plaintiff may represent herself by virtue of 28 U.S.C. § 1654, she may not maintain a pro se action on behalf of her children. Devine v. Indian River County School Bd.,121 F.3d at 581.

Therefore, if the plaintiff wishes to pursue this matter, she must file an Amended Complaint. In her Amended Complaint, the plaintiff must state how her *own* rights were

violated by each defendant. In addition, she must indicate the relief she seeks, that is, what she would like the court to do for her. All claims of or on behalf of minor children, or belonging to adult children who have not signed the complaint, must be deleted.

**Immunity of State, State Agencies & State Employees in Official Capacity**

The Eleventh Amendment to the United States Constitution bars claims for monetary relief by private parties against a state, a state agency or instrumentality, or an employee of a state in his or her official capacity. See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974) ("a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.").

Moreover, a suit may be brought under 42 U.S.C. § 1983 only against a "person" who acted under color of state law. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). However, a state, a state agency or instrumentality or a state employee acting in his or her official capacity is not a "person" who may be sued under 42 U.S.C. § 1983. Hilton v. South Carolina Public Railways Com'n, 502 U.S. 197, 199-201 (1991), *citing* Will v.Michigan Dept. of State Police, 491 U.S. 58 (1989). Thus, 42 U.S.C. § 1983 does not create a cause of action against the State of Nebraska, the Nebraska Department of Health and Human Services ("HHS"), the Nebraska State Foster Care Board, the Nebraska Judicial Qualifications Commission, the Public Safety Auditor, the Nebraska Equal Opportunity Commission ("NEOC"), and the Counsel for Discipline of the Nebraska Supreme Court. In addition, all claims for monetary relief against the state employees in their *official* capacity must be dismissed, including, without limitation: Nancy Montanez of HHS, Robert Contretras of HHS, John V. Henry, Chief of the Nebraska Judicial Qualifications Commission, Janice K. Walker of the Judicial Qualifications Commission,

Unknown Koehn of HHS, Gene Mallery of HHS, Doug Krifels of HHS, Marie Lavicky of HHS, Ruth Ryberg of HHS, Rhonda Newman of HHS, John Weeks of HHS, Kim Zueter of HHS, Carrie Hauschild of HHS, Kris Kircher of HHS, Angela Hanes of HHS, Thersa Dunson of HHS, Kathy Jones of HHS, Mark Horton of the Nebraska Department of Health, Rita Imlay of the Department of Health, Dennis Carlson, Counsel for Discipline of the Nebraska Supreme Court, John Steele, Counsel for Discipline of the Nebraska Supreme Court, Don Stenberg as Nebraska Attorney General, Governor Johanns, Governor Heineman, Patricia Staehr of HHS, Deb Newkirch of the NEOC, Roger Lempke of the Nebraska National Guard, Donald Buettner of the Nebraska State Patrol ("NSP"), and Dave Hayes of the NSP.

**Immunity of Federal Government, Agencies & Employees in Official Capacity**

A suit against an official of the federal government in the officer's official capacity is considered a suit against the United States.  Searcy v. Donelson, 204 F.3d 797, 798 (8th Cir. 2000), cert. denied, 531 U.S. 898 (2000); Buford v. Runyon, 160 F.3d 1199, 1203 (8th Cir. 1998).  It is well established that, absent an express waiver, the doctrine of sovereign immunity bars a plaintiff's claim for money damages against the United States, its agencies, and its officers in their official capacities.  See, e.g., FDIC v. Meyer, 510 U.S. 471, 475 (1994); United States v. Sherwood, 312 U.S. 584, 586 (1941). "Sovereign immunity is jurisdictional in nature." FDIC v. Meyer, 510 U.S. at 475, *citing* United States v. Mitchell, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction").  No such waiver of sovereign immunity applies in this case.  Consequently, federal sovereign immunity bars the plaintiff's claims against agencies of the United States

4

government, i.e, the Federal Bureau of Investigation ("FBI"), and federal employees in their official capacity, including without limitation: Agent Cardell of the FBI, Agent Paul Lacotti of the FBI, and Assistant U.S. Attorney Sally Johnson.

## Judges and Courts Cannot Be Sued for Damages

Judges have absolutely immunity from a suit for damages arising out of acts, whether or not erroneous, in their judicial capacity, as long as such acts were not taken in the complete absence of all jurisdiction. Mireles v. Waco, 502 U.S. 9, 11-12 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). As an example of a clear absence of jurisdiction, see id. at 357 n. 7:  "[I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune."

Judicial immunity is an immunity from suit, not just from damages, and "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." Mireles v. Waco, 502 U.S. 9, 11 (1991). The plaintiff has sued the following defendants for performing judicial functions as judicial officers presiding, at one time or another, over the plaintiff's domestic relations or child custody litigation: the Douglas County Court, the Douglas County Juvenile Court, Judge Vernon Daniels, Judge Christopher Kelly, Douglas County Judge Cropper, Douglas

County Judge Jones, and Sarpy County Judge Lawrence D. Gendler.  In light of the judges' immunity from suit, the plaintiff's claims against those defendants must be dismissed and may not be reasserted in the plaintiff's Amended Complaint.

### Federal Court Cannot Compel, Alter or Enjoin State-Court Judgments

Finally, a federal district court is not an appellate court with jurisdiction over the state courts.  Therefore, injunctive relief is not available in this court to compel a judge to act in state court proceedings.  Federal courts have no general power to compel action by state judicial officials.  See, e.g., Davis v. Lansing, 851 F.2d 72, 74 (2d Cir.1988) (federal courts have no general power to interfere in state court proceedings or to direct state courts or their judicial officers in the performance of their duties).

Also, a federal district court does not possess authority to review or alter final judgments of a state judicial proceeding.  Appellate jurisdiction over state court decisions, even when the challenge to the state court's action involves federal constitutional issues, lies exclusively in the United States Supreme Court.  See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  Federal district courts do not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."  Feldman, 460 U.S. at 486.  Therefore, insofar as the plaintiff is seeking in this case to challenge or change the outcome of proceedings in the state courts, the "Rooker-Feldman doctrine" bars this court from correcting a state court judgment, and no relief is available in this court to do so.

**Other Concerns**

Thus, in many respects, the plaintiff's complaint fails to state a claim on which relief may be granted, and the plaintiff seeks monetary relief against defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The court will dismiss some defendants on initial review and will require the plaintiff to file an Amended Complaint. In addition, the court notes the following additional concerns which may be further considered once the plaintiff files her Amended Complaint.

<u>Prosecutorial Immunity</u>

The plaintiff has sued one or more County Attorneys. Such defendants have absolute prosecutorial immunity for initiating a prosecution and presenting the government's case, for conduct occurring in the courtroom, and for actions preliminary to the initiation of a prosecution and apart from the courtroom which relate to the prosecutor's role as advocate. <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 272-73 (1993); <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430 (1976).

<u>Qualified Immunity</u>

Public officials, such as police officers, may be shielded by qualified immunity. A government employee, sued for damages in his or her individual capacity pursuant to 42 U.S.C. § 1983, is entitled to qualified immunity unless the plaintiff shows that the actor violated a "clearly established" federal or constitutional right of the plaintiff.

<u>Statute of Limitations</u>

As 42 U.S.C. § 1983 does not contain a statute of limitations, the United States Supreme Court has ruled that the limitations period for a claim arising under § 1983 is the general statute of limitations applicable to personal injury actions under the law of the state

where the claim accrued. Owens v. Okure, 488 U.S. 235, 249-50 (1989); Wilson v. Garcia, 471 U.S. 261, 276 (1985). In Nebraska, that statute is the four-year personal injury statute of limitations contained in Neb. Rev. Stat. § 25-207. Bridgeman v. Nebraska State Pen, 849 F.2d 1076, 1077 (8th Cir. 1988) (*per curiam*). Thus, unless something tolled the statute, the plaintiff's claims cannot reach back more than four years before the date of her complaint. Therefore, the plaintiff may not seek relief for any events prior to February 13, 2002.

Color of State Law / State Action

42 U.S.C. § 1983 provides a remedy for certain deprivations of a claimant's civil rights. To state a claim for relief in an action brought under § 1983, the plaintiff must establish that she was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed "under color of state law," that is, by "state actors," as opposed to private persons or entities. The allegations of the complaint suggest that many of the named defendants were not state actors acting under color of state law in this matter, e.g., various churches, clergy, apartment buildings, attorneys, missions, shelters, real estate agents, television channels, private companies, and organizations on behalf of missing children.

THEREFORE, IT IS ORDERED:

1. That on initial review, the plaintiff's complaint fails to state a claim on which relief may be granted and appears to seek monetary relief from defendants with immunity from such relief; thus, the following claims and defendants are dismissed:

   a. All claims of or on behalf of the plaintiff's minor children, or belonging to adult children who have not signed the complaint;

8

  b. All claims for damages against the State of Nebraska, state agencies and state employees in their official capacity;

  c. All claims for damages against agencies of the United States government, and federal employees in their official capacity;

  d. All claims against judges and courts;

  e. All claims seeking injunctive relief to compel judicial action in the state courts or to alter or enjoin state-court judgments;

 2. That the Clerk of Court shall send the plaintiff a standard form for a complaint, which the plaintiff may use to prepare an Amended Complaint;

 3. That the plaintiff shall have until May 19, 2006, to file an Amended Complaint;

 4. That, in the absence of a timely and sufficient Amended Complaint, this case may be subject, without further notice, to dismissal without prejudice.

Dated this 12th day of April, 2006.

        BY THE COURT:

        s/Laurie Smith Camp
        United States District Judge